**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

**MEMORANDUM ENDORSED**

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 24, 2025

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/2/2026
```

**BY ECF AND EMAIL**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Kyle Conrad*, 25 Cr. 474 (GHW)

Dear Judge Woods:

    The Government writes in response to the Court's order dated December 16, 2025, requesting a status update addressing defense counsel's request that the Court order a mental competency evaluation of the defendant, Kyle Conrad, in the above-captioned matter. To date, defense counsel has not provided any facts in support of its motion or otherwise established reasonable cause to believe that the defendant suffers from a mental disease or defect rendering him mentally incompetent such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, the Government opposes defense counsel's motion.

    By way of background, on September 27, 2025, the defendant was arrested. On September 29, 2025, the defendant was presented in this District, and an Assistant Federal Defender was appointed to represent the defendant. On October 14, 2025, a grand jury in this District returned an indictment charging the defendant in three counts with possession with intent to distribute narcotics, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; and possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). (Dkt. 6). On October 24, 2025, the defendant appeared before Your Honor for an arraignment and initial pretrial conference. On December 1, 2025, the defendant's current counsel filed a notice of appearance indicating that he was retained to represent the defendant. (Dkt. 11). On December 16, 2025, the parties appeared before Your Honor for a status conference.[1] On that date, the defendant's prior counsel withdrew from representation, and the defendant's current counsel was

---

[1] On December 16, 2025, the defendant refused to appear for the status conference. Reportedly, the defendant indicated to transporting U.S. Marshals that there was no reason to attend court that day because he retained a new attorney. At the direction of the Court and with the parties' consent, the Court proceeded with the status conference in absentia.

appointed by the Court. In addition, at the December 16, 2025 status conference, the defendant's current counsel made an oral motion requesting that the Court order a mental competency evaluation.

Under 18 U.S.C. § 4241(a), a court shall grant a motion for a mental competency hearing if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The Government is not aware of any facts that lend toward the need for a mental competency evaluation of the defendant in this case. In addition, to date, defense counsel has not provided any information regarding the defendant's alleged inability to understand the nature and consequences of this proceeding. Accordingly, there is no reasonable cause warranting a mental competency hearing in this case. For these reasons, the Government opposes the defendant's motion and requests that the Court deny the request.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: *Dana McCann*
Dana R. McCann
Assistant United States Attorney
Tel: (212) 637-2308

cc: James A. Abate, Esq., Counsel for Kyle Conrad (by ECF and email)

---

On December 24, 2025, counsel for the United States filed a letter opposing what counsel for the United States characterizes as an "oral motion requesting that the Court order a mental competency evaluation." Dkt. No. 16 at 2. The Court does not understand that the defendant's counsel made an oral motion for a competency evaluation, but rather that he stated that he was considering making such a motion. The Court requested that any such motion be made by letter. The Court directs counsel for the United States to review the transcript of the December 16, 2025 conference and confer with the defendant's counsel regarding whether the defendant has in fact made an oral motion for a competency evaluation, as described in the Government's letter, or if the defendant's lawyer merely indicated that he wished to explore the issue before making such an application.

In its letter, the Government quotes 18 U.S.C. § 4241(a). If, after their review of the record, and consultation with the defendant's counsel, the Government takes the position that the defendant has submitted an oral motion for a competency hearing, the Court will require that the Government submit a formal motion if the Government wishes for the Court to deny the request.

The Court directs the parties to review the transcript and to meet and confer regarding whether the defendant has requested a competency hearing. The parties are directed to submit a joint letter to the Court on that question no later than January 8, 2026. In the event that the defendant has made, or wishes to make, such a request, the parties are directed to propose a briefing schedule in the event that the Government opposes the request.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 16.
SO ORDERED.

Dated: January 2, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge